IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| In re: | ) <br> ) <br> )    **CASE NO. 06-MISC-35-GPM** <br> ) |
| **CLINTON T. ELDRIDGE.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

On April 25, 2006, the Clerk of Court in this District received a pleading and other papers from Clinton T. Eldridge, which consisted of a petition for writ of habeas corpus under 28 U.S.C. § 2241, a memorandum in support of that petition, and a motion for leave to proceed *in forma pauperis*. The Clerk was aware that Eldridge is a restricted filer within the Seventh Circuit, and he reviewed Eldridge's pleadings to determine if a new case should be opened.

Under the terms of the Seventh Circuit Court of Appeals' order, until Eldridge pays all outstanding fees and sanctions, the Clerk is to "return unfiled any papers submitted either directly or indirectly by or on behalf of Eldridge." *Eldridge v. Sawyer*, Appeal No. 05-3397 (7th Cir., order dated Dec. 20, 2005). That order then carves out an exception for "criminal cases or petitions challenging the terms of his confinement." *Id.* The Clerk determined that Eldridge's papers did not fall under this exception, and he returned them to Eldridge unfiled. Dissatisfied with the Clerk's determination, Eldridge returned those same papers to the Clerk with a letter explaining why his case should be opened. In short, he argues that his case is a petition challenging the terms of his confinement, but the Court disagrees, as explained below.

At issue is the interpretation of the phrase "challenging the terms of his confinement." Eldridge wishes for an expansive interpretation, so that he would be free to file any claim that could possibly impact the duration of his sentence. This Court interprets the phrase much more narrowly.

His interpretation renders the order from the Court of Appeals without teeth, as it leaves him free to file the type of claims that resulted in the discipline he now seeks to avoid. This Court believes that under the terms of the Court of Appeals' order, Eldridge may file only two types of claims: (1) a motion under 28 U.S.C. § 2255 to challenge the fact of his underlying conviction and sentence, or (2) a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge a disciplinary proceeding that resulted in the revocation of good conduct credit.

Eldridge's proposed action does not fall into either of these categories, although he invokes jurisdiction under § 2241.  In these proposed pleadings, he challenges a series of administrative decisions involving his participation in the E-CODE program at U.S.P. Marion.  Essentially, Eldridge claims that because he has successfully completed that program, he should be transferred to a less-restrictive institution within the B.O.P.  Such a claim does not challenge the fact of his underlying conviction and sentence, nor does it challenge a specific disciplinary proceeding that resulted in the revocation of good conduct credit.  Therefore, the Clerk was correct in returning the papers to Eldridge as mandated by the Seventh Circuit Court of Appeals.

**IT IS HEREBY ORDERED** that the Clerk shall **NOT FILE** this pleading and related papers as a new case.  Pursuant to the Court of Appeals' mandate, the Clerk shall **RETURN** to Eldridge all copies of his proposed papers.  **NO COPIES OF THESE PAPERS SHALL BE RETAINED IN THIS MISCELLANEOUS CASE FILE**.

**IT IS SO ORDERED.**

DATED:  06/13/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge